```
                  UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF OHIO
                        WESTERN DIVISION
```

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | : NO. 1:08-CR-00127 |
| v. | : **OPINION AND ORDER** |
| JOSEPH SHIPMAN. | : |

This matter is before the Court on the Defendant/Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (doc. 29), the government's Response in Opposition (doc. 33), Petitioner's Reply (doc. 34), Petitioner's Supplemental Authority (doc. 35), and the government's Supplemental Response (doc. 36).  For the reasons indicated herein, the Court GRANTS Petitioner's Motion and VACATES Defendant's conviction.

Defendant moves to vacate his conviction because the conduct alleged in the Indictment is not a violation of the Sex Offender Registration and Notification Act ("SORNA"), 18 U.S.C. § 2250(a), so that he is actually innocent of the offense charged (doc. 29).  Simply put, the government charged Defendant with failing to register as a sex offender in violation of SORNA on or about December 22, 2007, well before the effective date of SORNA, September 1, 2008 (Id.).

The government initially opposed Defendant's motion,

asking the Court to consider delaying a ruling in this matter pending a decision in the Supreme Court in Carr v. United States, 130 S. Ct. 2229 (2010)(doc. 33). On June 1, 2010, the Supreme Court issued its decision, holding that a conviction under SORNA for failure to register requires that travel in interstate commerce occur after the effective date of the statute. Carr, 130 S. Ct. 2229. Because the Sixth Circuit has already held the effective date of the statute is August 1, 2008, United States v. Utesch, 596 f.3d 302, 307 (6th Cir. 2010), it is now undisputed by the government (doc. 36), that Defendant is actually innocent of the offense charged.

Under these circumstances, the Court finds that Defendant is indeed actually innocent of violating SORNA, and that his previous plea to such a violation is invalid. Bousley v. United States, 523 U.S. 614 (1998), United States v. Maye, 582 F.3d622 (6th Cir. 2009). Consequently, the Court finds Defendant's motion well-taken.

Accordingly, the Court GRANTS Defendant/Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (doc. 29), and VACATES Defendant's conviction.


SO ORDERED.

Dated: July 8, 2010          /s/ S. Arthur Spiegel
                             S. Arthur Spiegel
                             United States Senior District Judge